**UNITED STATES of America**

v.

**David K. BUCKLEY.**

**Crim. No. 84–00008–04–B.**

United States District Court, D. Maine.

Sept. 24, 1985.

---

William H. Browder, Jr., Asst. U.S. Atty., Portland, Me., for plaintiff.

David K. Buckley, pro se.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR BAIL PENDING APPEAL DATED AUGUST 1, 1985

GENE CARTER, District Judge.

The Court has fully reviewed the Defendant's Motion for Admission to Bail Pending Appeal, filed on August 28, 1985, and all of the numerous submissions thereon made by the Defendant, together with the Government's response. The Defendant appears to contend that the Bail Reform Act of 1984 is not applicable to the pending motion for bail pending appeal because *he had previously been admitted to bail pri-*

*or to trial and prior to imposition of sentence,* under the 1966 Act.

The record here discloses that this Defendant appeared on February 1, 1985, after the effective date of the Bail Reform Act of 1984 (October 12, 1984) for imposition of sentence. Sentence was imposed at that time pursuant to 18 U.S.C. § 4205(d) for accomplishment of a study thereunder. At that time, he was remanded to the custody of the United States Marshal in execution of the sentence imposed. He became at that point *a person detained.* The Defendant's application for admission to bail, filed on April 22, 1985, was denied on May 2, 1985. The Court was then of the view that this Defendant had not made the requisite showing under the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.,* required by Section 3143, by clear and convincing evidence that he is a person "not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to Section 3142(b) or (c)." Such finding was not necessary at that time, however, as Defendant's admission to bail would have defeated the purpose of the Section 4205(d) study sentence, e.g., to obtain a psychiatric study and advice to the Court in respect to the study questions posed by the Court to be answered by the study. For that reason bail was denied. Thereafter, on June 7, 1985, following the completion of the study required by the Court, the Defendant appeared and a *final* judgment was imposed on that date, sentencing Defendant to serve a five-year term of imprisonment. On June 17, 1985, the Defendant filed a notice of appeal. On August 28, 1985, a motion to be admitted to bail pending appeal was filed. It is that motion that is now pending before the Court.

■ On this record, it is clear that at the time final sentence was imposed on this Defendant on June 7, 1985, he was a person in custody pursuant to the prior interim study sentence imposed on February 1, 1985. Accordingly, his reliance upon *United States v. Angiulo,* 755 F.2d 969 (1st Cir.1985), is misplaced. There the Court clearly authorized the application of the provisions of the Bail Reform Act of 1984 to defendants detained on the effective date of the Act, October 12, 1984.

> We do not believe it "unjust" to apply the new Act to those, like appellant, who were in custody on October 12, 1984, because those then in custody are unlikely to have relied to their detriment upon the continued application of prior law.

*Id.,* at 970. The rationale of that conclusion is that one in custody on the date the 1984 Act became effective could not claim to have relied upon the provisions of the 1966 Act to his detriment in seeking a new admission to bail on the effective date of the new Act. The logical extension of that rationale is that any Defendant who is lawfully in or is returned to custody *after* the effective date of the 1984 Act is subject to application of the 1984 Act for purposes of a new admission to bail, even though prior to being returned to custody he had been admitted to bail under the 1966 Act.[1] Because such a Defendant seeks a new admission to bail *after the effective date of the 1984 Act* he cannot claim to have relied to his detriment upon the terms of the 1966 Act governing his new admission to bail. Defendant here is a person in custody since June 7, 1985, pursuant to the final judgment imposed on that date. The applica-

---

**1.** It would seem that the holding of *Angiulo* requires application of the provisions of the 1966 Act only to that category of defendants who are admitted to bail under the 1966 Act and are brought before the Court after the effective date of the 1984 Act on an application to revoke the bail originally granted under the 1966 Act, and then, presumably, only upon a showing of prejudicial reliance upon the continuance of bail under the terms of the prior Act. Only defendants in that circumstance can ever claim reliance upon the terms of the 1966 Act for the continuance of the bail they are on when before the Court. Once such bail is lawfully ended, however, by, for example, imposition of sentence or decision on appeal occurring on or after the effective date of the 1984 Act, any claim to reliance upon application of the terms of the 1966 Act vanishes. The 1984 Act is in effect on any subsequent application to bail and it controls any new admission to bail.

tion of the provisions of the Act to him in determining whether or not he should be admitted to bail is clearly appropriate.

■ Defendant's submissions do not indicate any sufficient evidentiary predicate to constitute a present showing by clear and convincing evidence that his situation in respect to likelihood of flight and danger to the community has changed since the Court committed him to custody on the interim study sentence imposed on February 1, 1985. The Court finds that he has not made a showing by clear and convincing evidence that he will not flee or that he does not pose a danger to the community if admitted to bail. 18 U.S.C. § 3143(b).

Defendant relies heavily in some of his written submissions upon his need to be admitted to bail in order to pursue *pro se* his pending appeal to the Court of Appeals for the First Circuit. The answer to these contentions is that those considerations are not properly considered by the Court to be sufficient under the provisions of the 1984 Act in and of themselves, and in the face of well-considered findings of likelihood of flight and danger to the community, to permit admission to bail pending appeal.

Accordingly, the Defendant's Motion, filed on August 1, 1985, for Admission to Bail Pending Appeal is hereby *DENIED.*[2]

So *ORDERED.*

2. The Court's file is now in the Court of Appeals for the First Circuit pursuant to the Defendant's notice of appeal. A copy of the docket entries in this Court, which are the basis of the Court's fact-findings as to the procedural path of this case, is appended hereto as "Appendix A."

## APPENDIX A

**CRIMINAL DOCKET · U.S. District Court**

| PO ☐ | 0100 | 01 | 0006 | ☐ WRIT ☐ JUVENILE ☐ ALIAS | **U.S.** VS. | (LAST, FIRST, MIDDLE) **BUCKLEY, DAVID K.** | Case Filed Mo 05 | Day 23 | Yr. | 84-00008-B-04 | Def. |
| Misd. ☐ | Assigned | Dep./Sentence | | | | | No of Def's 4 | U.S. MAG CASE NO | | | |
| Felony ☒ | District | Off | Judge/Magistr. | OFFENSE ON INDEX CARD ► | | | | | | | |

**I. CHARGES**

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISM. NG |
|---|---|---|---|
| 21:846 | Conspiracy to possess with intent to distribute a large quantity of marijuana (Ct I). | 1 | |
| 21:841(a)(1); 18:2 | Possession with intent to distribute a large quantity of marijuana, and aiding and abetting. (Ct II) | 1 | |

SUPERSEDING COUNTS ☐ JURY ☐ N.I.

**II. KEY DATE**

| INTERVAL ONE | END ONE AND/OR BEGIN TWO (OR RESTART PERIOD TO TRIAL) | END INTERVAL TWO |
|---|---|---|
| KEY DATE ☐ arrest ☐ sum'ns ☐ custody ☐ appears on complaint | KEY DATE 05/23/84 ☒ Indictment filed/unsealed ☐ consent to Magr. trial on complaint ☐ Information ☐ Felony-W/waiver | KEY DATE ☐ 1st appears on pending charge ☐ Receive files R20/40 ☐ Superseding ☐ indict. ☐ Inform. ☐ Order New trial | KEY DATE ☐ Dismissal ☐ Pled guilty ☐ After N.G. ☐ Nolo ☐ After nolo ☐ Trial (voir dire) began |
| EARLIEST OF | APPLICABLE | LATEST OF | APPLICABLE |

| 1st appears with or waives counsel | ARRAIGNMENT | 1st Trial Ended | RE-TRIAL | 2nd Trial Began | DISPOSITION DATE | SENTENCE DATE | PTD Nolle Pros. | FINAL CHARGES DISMISSED on S.T. grounds ☐ W.P. ☐ WOP | on def motion on gov't motion |
|---|---|---|---|---|---|---|---|---|---|

**III. MAGISTRATE**

| Search Warrant | Issued | DATE | INITIAL/NO | INITIAL APPEARANCE DATE ► | | INITIAL/NO. | OUTCOME: ☐ DISMISSED |
|---|---|---|---|---|---|---|---|
| | Return | | | PRELIMINARY EXAMINATION OR ☐ REMOVAL HEARING | Date Scheduled ► | | ☐ HELD FOR GJ OR OTHER PRO-CEEDING IN THIS DISTRICT |
| Summons | Issued | | | | Date Held ► | | ☐ HELD FOR GJ OR OTHER PRO-CEEDING IN DISTRICT BELOW |
| | Served | | | ☐ WAIVED ☐ NOT WAIVED | Tape Number | | |
| Arrest Warrant Issued | | | | ☐ INTERVENING INDICTMENT | | | |
| COMPLAINT ► | | | | | | | |
| Date of Arrest | | OFFENSE (In Complaint) | | | | | |

Show last names and suffix numbers of other defendants on same indictment/information:
→ Harvey 01; Holman 02; Pollio 03

RULE ☐ ☐ ☐ : ☐ ☐  20 21 40 In Out

**ATTORNEYS**

U.S. Attorney or Asst.
Richard S. Cohen, U.S. Atty
~~Joseph H. Groff III, Asst. U.S. Atty~~ Wm. H. Browder, Asst. U.S. Atty

Defense: 1 ☐ CJA  2 ☒ Ret  3 ☐ Waived  4 ☐ Self.  5 ☐ Non/Other.  6 ☐ PD.  7 ☐ CD

Robert D. Keefe, Esq.
Hale & Dorr
60 State Street
Boston, MA 02109
617-742-9100

**BAIL ● RELEASE**

**PRE-INDICTMENT**

| Release Date | |
|---|---|
| Bail ☐ Denied | ☐ Fugitive ☐ Pers. Rec. ☐ PSA |
| AMOUNT SET $ | Conditions |
| Date Set | ☐ 10% Dep. ☐ Surety Bnd |
| ☐ Bail Not Made | ☐ Collateral |
| Date Bond Made | ☐ 3rd Prty ☐ Other |

**POST-INDICTMENT**

| Release Date | |
|---|---|
| Bail ☐ Denied | ☐ Fugitive ☐ Pers. Rec. ☐ PSA |
| AMOUNT SET $ | Conditions |
| Date Set | ☐ 10% Dep. ☐ Surety Bnd |
| ☐ Bail Not Made | ☐ Collateral |
| Date Bond Made | ☐ 3rd Prty ☐ Other |

**APPEALS FEE PAYMENTS**

**FINE AND RESTITUTION PAYMENTS** — Docket Entries Begin On Reverse Side

| DATE | RECEIPT NUMBER | C.D. NUMBER | DATE | RECEIPT NUMBER | C.D. NUMBER |
|---|---|---|---|---|---|
| | | | | | |

| DATE DOCUMENT NO. | Yr. Docket No Def 84-00008-04 B | MASTER DOCKET - MULTIPLE DEFENDANT CASE  PAGE ___ OF ___  PROCEEDINGS DOCKET FOR SINGLE DEFENDANT | VI EXCLUDABLE DELAY Start Date End Date | Ltr Code | Total Days |
|---|---|---|---|---|---|

| | (OPTIONAL) Show Last names of defendants **V. PROCEEDINGS** |
|---|---|
| **1984** | |
| May 23 | SUPERSEDING INDICTMENT, filed. (cw) |
| June 5 | Arraignment scheduled before Carter, J. for Friday, June 15, 1984, at 9:00 a.m. (counsel notified) (cw) |
| June 15 | Def appeared before the Court and desired to tender plea of Guilty; not accepted. The Court directed the Clerk to enter a plea of Not Guilty; accepted. (No counsel present). P/t mtns to be filed w/in 10 days. Bail set at $10,000 w/ 10% cash deposit. |
| June 15 | $10,000 Bond w/ $1,000 cash, filed. (cw) |
| June 21 | Change of plea scheduled before Carter, J. for Friday, June 22, 1984, at 2:00 p.m. (cw) |
| June 21 | Change of plea con'd. Scheduled for Friday, June 29, 1984, at 1:30 p.m. |
| June 29 | Def arraigned before CArter, J. and entered plea of Guilty to Ct I; accepted. Con'd for sentencing. Same bail con'd. |
| Sep 13 | Sentencing scheduled before Carter, J, on Friday 9/21/84 at 9:00 a.m. counsel notified (pc) sentencing continued |
| Sep 21 | AFFIDAVIT of Robert D. Keefe concerning Dr. David K. Buckley filed (pc) |
| Oct 18 | Hearing on mtn to set sentencing had, order to follow 10/18/84 ORDER |
| Oct 18 | ORDER sentencing is cont to Nov 30, 1984 at 9:00 a.m.; 2. examining physicians file a nreport by Nov. 19, 1984 on dft's condition; 3. dft make himself availlble to Govt. retained physician for examination; 4. attending physicians cooperate with Govt retained phy. 5. dft and counsel file affidavit of anticipated whereabouts and treatment plan for the period Oct 17 to and including Nov. 30, by Oct 22, 1984 copies to counsel. (pc) |
| Oct 23 | MOTION to release pre-sentence report to Govt selected psychiatrist filed (pc) |
| Nov 26 | sentencing rescheduled to Fri Dec. 8, 1984 at 8:30 a.m. (pc) counsel notified. |
| Dec. 5 | Pltf's MOTION to continue, filed (y) 12/5/84: Sentencing continued until sometime in Jan. '85, Motion GRANTED, Carter, J., counsel notified (y) |
| Dec. 28 | Sentencing sched. before Carter, J. for Friday, 1/28/85, at 8:30 a.m. (counsel notified) (cew) |
| **1985** | |
| Jan 7 | Sentencing reschedul before Carter, J to Friday 2/1/85 at 1:00 p.m. (counsel notified) (pc) |
| Jan 17 | AFFIDAVIT of Bernard Kozloff filed (pc) |
| Jan 29 | Letter from Dr. Jones filed (pc) |
| Feb 1 | Letter from Dr. Corwin filed (pc) |
| Feb 1 | dft appeared before Carter, J and sentenced to 5 years and for study under 18 USC §4205(d) for three months (pc) |

CONTINUED TO PAGE

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|------|------|------|------|------|
| | (Document No.) | (a) | (b) | (c) | (d) |
| **1985** | | | | | |
| Feb 1 | Sentencing Judgment filed (pc) | | | | |
| Feb 4 | Letter from David K. Buckley, treated as Motion for Reconsideration of Denial of Motion to Withdraw Guilty Plea, filed. (caw) 2/4/85 Motion DENIED s/Carter, J. (letter to counsel) (caw) | | | | |
| Feb 4 | Judgment and Commitment filed (pc) | | | | |
| Feb 7 | Letter from David Buckley treated as Request for Stay of Execution, filed. (Govt. to respond w/in 10 days). (wsb) 2/27/85: Motion Denied, Carter, J (pc) | | | | |
| Feb 22 | Govt's RESPONSE to dft's request for a stay of his sentence pending appeal filed (pc) | | | | |
| Feb 22 | Letter from David Buckley treated as stay of sentence pending appeal filed (pc) 2/27/85: Motion Denied, Carter, J (pc) | | | | |
| April 22 | Def's MOTION for Bail Pending Final Sentence, filed. 5/2/85: Motion DENIED s/Carter, J (pc) | | | | |
| April 22 | TRANSCRIPT of proceedings at change of plea on 6/29/84, filed. | | | | |
| April 22 | TRANSCRIPT of proceedings on 2/1/85, filed. (ced) | | | | |
| May 15 | report from Bureau of prisons filed (pc) | | | | |
| May 15 | Final sentencing sched for Thr. May 23, 1985 at 8:30 a.m. counsel notified (pc) | | | | |
| May 28 | Final sentencing resch to Fri. June 7, 1985 at 8:30 a.m. all parties notified (pc) | | | | |
| May 28 | Letter from David Buckley, together with: | | | | |
| May 28 | MOTION to withdraw plea and to interpose plea of not guilty by reason of insanity filed (pc) | | | | |
| | Diagnostic and Statistical Manual of Mental Disorders | | | | |
| | (copy of) transcript of proceedings involving change of plea (copy of) transcript of proceedings at hrg on mtn to withdraw guilty plea and imposition of preliminary sentence. paperback book MOODSWING by Dr. Ronald R. Fieve, M.D. | | | | |
| Jun 7 | dft appeared before Carter, J and sentenced to five years (pc) | | | | |
| Jun 7 | Judgment and Committment order filed (pc) | | | | |
| Jun 17 | NOTICE OF APPEAL filed (pc) | | | | |
| Jun 19 | LETTER received from Dft requesting notice of appeal; Motion to be moved and motion for reconsideration of sentencing | | | | |

372

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|------------------------|:---:|:---:|:---:|:---:|
| | (Document No.) | (a) | (b) | (c) | (d) |
| **1985**<br>Jun 21 | ORDER s/Carter J filed (pc)<br>   Dft's Mtn to be moved and mtn for reconsideration are<br>   denied (pc) | | | | |
| Jun 26 | Marshal's return dft commited to Springfield, MO 6/20/85 (pc) | | | | |
| July 18 | $70.00 filing fee for appeal paid, rec. #11729.(caw) | | | | |
| July 26 | Transcript of proceedings at final imposition of sent filed (pc) | | | | |
| Aug 20 | supplemental cert prepared and forwarded to Ct of A (pc) | | | | |
| Aug 28 | MOTION for bail pending appeal filed (pc) | | | | |
| Sep 6 | Govt's RESPONSE to mtn for bail pending appeal filed (pc) | | | | |
| Sep 3 | Govt's MOTION for extionsion of time  filed (pc)<br>   9/4/85 Mtn GRANTED – no further extension to be<br>   permitted. For the Court W.S.Brownell, Clerk | | | | |